**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LYDIA E. VEGA,

    Plaintiff,

v.

CHICAGO PARK DISTRICT,

    Defendant.

No. 13 C 0451
Judge James B. Zagel

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Lydia E. Vega ("Vega"), brings seven counts against the defendant, Chicago Park District ("Park"), alleging unlawful employment discrimination. In an order dated July 25, 2013, I denied Park's motion to dismiss Counts I through VI. Under Count VII, Vega claims Park violated the Illinois Eavesdropping Act, 720 ILCS 5-14/1 *et seq*. ("the Act"). In its Reply, Park requested this Court to convert the motion to dismiss Count VII into a motion for summary judgment. For the following reasons, Park's motion for summary judgment is granted.

**I.    Background**

Vega is an openly gay Hispanic female who worked for Park for twenty-two years before her termination on September 10, 2012, for allegedly falsifying work hours on her timesheet. In or around September 2011, Park assigned Michael Hester ("Hester") and Leroi Catlin ("Catlin") to investigate Vega for her alleged failure to be present during claimed work hours at her assigned park. As part of the investigation, Hester and Catlin conducted surveillance on Vega, which involved following her vehicle (or vehicles thought to be owned by her) and using audio and video recording devices. Vega argues that, because the surveillance device was capable of recording audio and the recording was done without her consent, Park has violated the Act.

1

Park argues that Vega has not alleged, or offered any evidence to show, that her voice was actually recorded on the surveillance device. To support this argument, Park attached an affidavit by Hester stating that the only audio recordings were remarks made by the investigators. Park also attached a reply brief from Vega's administrative hearing attorney, who argued that using devices with the mere ability to record voices violates the Act. The attorney in the administrative hearing did not claim Vega's voice was actually recorded, and Vega's Amended Complaint does not allege her voice was actually recorded.

## II.    Discussion

If a party files a motion to dismiss that includes documents outside of the pleadings, the court has discretion to consider the documents and convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d); *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2022) (citing *Aamot v. Kassel*, 1 F. 3d 441, 444 (6th Cir. 1993)).

In the form of Hester's affidavit and the reply brief of Vega's administrative hearing attorney, Park has put forward evidence showing it did not record Vega's voice during her investigation. Vega has offered no evidence to the contrary, and appears to have none, as she requests discovery on this point. But Vega sat through an administrative hearing prior to this action, at which time she could have raised the issue of recordation. She did not. Vega now asserts that there was surveillance done on an instrument capable of audio recording, but she is without basis to assert that her voice was actually recorded. Absent such a recording, there is no basis for a claim under the Illinois Eavesdropping Act. *See Cassidy v. Am. Broad. Cos., Inc.*, 377 N.E.2d 126, 129-30. (Ill. App. Ct. 1978).

The summary judgment I grant is not a final or appealable judgment; if in the course of discovery the plaintiff finds evidence of recordation, she can seek leave to reinstate.

**III. Conclusion**

For the foregoing reasons, Park's motion for summary judgment is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: July 25, 2013