**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LYDIA E. VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | 13 cv 00451 |
| | ) | |
| v. | ) | Judge James B. Zagel |
| | ) | |
| CHICAGO PARK DISTRICT, | ) | Magistrate Judge Daniel G. Martin |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

NOW COMES the plaintiff, Lydia Vega ("Plaintiff" or "Vega"), and for her Response to the Combined Brief and Motion to Compel ("Motion to Compel") filed by the defendant, Chicago Park District ("CPD" or "Defendant"), states as follows:

Introduction

On October 22, 2013, Defendant served thirty-seven (37) interrogatories, including distinct subparts, in its First Set of Interrogatories to Plaintiff ("Defendant's Interrogatories"). A copy of that document is attached to this Response as **Exhibit A**. A number of Defendant's Interrogatories are contention interrogatories, not requests for factual information in the possession of Plaintiff who provided extensive Rule 26(a)(1) disclosures and has no additional documents or witness in her possession. Thus, a number of Defendant's Interrogatories, to the extent that they request factual information, seek factual information in the possession or under the control of Defendant. Defendant is, however, refusing to produce in discovery documents, information, and deposition testimony that would permit Plaintiff to provide fuller answers to the twenty-five interrogatories that she had answered to the extent of her present knowledge and information.   See Defendant's Combined Brief and Motion to Bar Certain of Plaintiff's Discovery Requests ("Motion to Bar")

filed on April 28, 2014 (Dkt # 56) contemporaneously with its Motion to Compel.

Defendant's Interrogatories and Failure to Request Leave

Defendant's Interrogatories include 26 numbered requests. Defendant's Interrogatories 2, 3, and 4 each contain 4 discrete subparts, identified by the defendant in each instance as A, B, C, and D. Defendant's Interrogatories 5 and 10 each contain at least two discrete requests. This makes a total of thirty-seven (37) interrogatories.

In good faith, Plaintiff answered the first twenty-five of Defendant's Interrogatories up to and through No. 16, including answering Nos. 5 and 10 as if they were single interrogatories. Plaintiff has timely and consistently objected to answering further interrogatories as outside the parameters of Federal Rule of Civil Procedure 33(a)(1), which provides as follows:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

Federal Rule of Civil Procedure 26(b)(2) provides, in pertinent part, the means for expanding the number of interrogatories that a party may pose, as follows:

> Limitations on Frequency and Extent.
>
> (A) When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.
> ***
> (C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties'

resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Plaintiff complied with the limit imposed by Rule 33(a)(1). The parties have not stipulated to the service of more than 25 interrogatories. Defendant has never sought leave to serve more than 25 interrogatories in this case, and does not even seek such leave in the instant Motion. In its Motion to Compel, Defendant does not contend that it complied with Rule 33, but rather justifies its violation of the Federal Rules on the grounds that: (a) Plaintiff's Amended Complaint is long and contains six remaining counts; (b) Defendant cannot tell the nature of Plaintiff's claims from the Complaint (which, except for a single pendant state law count, has survived a motion to dismiss); and (c) the Plaintiff-employee in an employment case has asked for more discovery than the Defendant-employer.

Defendant cites no authority to support its contention that any of these grounds establishes a right to violate Rule 33.  Leaving aside the dubious nature of Defendant's three justifications, they are the proper subjects of a proposed stipulation, a phone call prior to the service of discovery, or a motion for leave to serve more than 25 interrogatories, not a motion to compel brought after a violation of the Federal Rules.

The case of *Aetna Cas. & Sur. Co. v. W.W. Grainger, Inc.*, is instructive here. 170 F.R.D. 454 (E.D. Wis. 1997). In that case, the plaintiff served interrogatories in excess of the limit imposed by a local rule analogous to Rule 33, then brought a motion to compel the defendant to respond. In denying plaintiff's motion, the court stated that "the arguments presently advanced by the plaintiff would have been more appropriately raised in a motion seeking leave to file additional interrogatories." *Id.* at 455. Despite ample opportunity to pursue any of these avenues, Defendant ostensibly contends that this Court should compel Plaintiff to waive the protection of Rule 33 and answer interrogatories in excess of 25.

Issues not raised by Defendant

Defendant's Motion to Compel does not seek fuller or additional answers from Plaintiff to the extent that she has answered Defendant's Interrogatories already. Therefore, Plaintiff is not addressing in any detail here the fact that many of Defendant's Interrogatories are contention interrogatories seemingly attempting to require Plaintiff to put on her case in chief by way of interrogatory answer. For instance and only by way of example, Interrogatory No. 10 reads as follows:

> Identify any witnesses and describe any documentation or other evidence you have or know of that will support your claim (in paragraph No. 111 of the Amended Complaint) that two of the Park District's investigators, who happened to be African Americans, conducted their surveillance of you in a discriminatory manner because you are either female, Hispanic or a Hispanic female, and "describe in detail" any investigation of males, non-Hispanics or non-Hispanic males that these two investigators conducted that showed they did not discriminate against these three groups in their investigations:

Plaintiff is not required to put on all of her evidence by interrogatory. Further, this interrogatory calls for information that Defendant is seeking to bar Plaintiff from discovering. Defendant is seeking to bar discovery of "non-timesheet falsification" investigations of Park Supervisors (Def's Mtn. to Bar, p. 15), as well as timesheet falsification investigations against non-supervisor employees. Defendant's interrogatory requires information well outside of the boundaries to which it would attempt to confine Plaintiff's discovery.

WHEREFORE, Plaintiff requests that this Court require Defendant to comply with Rule 33, just as Plaintiff did, and that this Court deny Defendant's Motion to Compel, and for such other and further relief as the Court deems appropriate.

Respectfully Submitted,

Lydia Vega, Plaintiff

By: /s/ Catherine Simmons-Gill

Catherine Simmons-Gill ARDC # 2159058
Ross Drath ARDC # 6312707
Offices of Catherine Simmons-Gill, LLC
111 West Washington St
Suite 1051
Chicago, IL 60602
simmonsgill@gmail.com
Tel: 312 609 6611