IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LYDIA E. VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 cv 00451 |
| | ) | |
| v. | ) | Judge James B. Zagel |
| | ) | |
| CHICAGO PARK DISTRICT, | ) | Magistrate Judge Daniel G. Martin |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RULE 72 OBJECTIONS TO ORDER OF
MAGISTRATE JUDGE MARTIN ENTERED MARCH 25, 2015**

NOW COMES Plaintiff, LYDIA VEGA, ("Plaintiff" or "Ms. Vega"), by and through her attorneys, Offices of Catherine Simmons-Gill, LLC, and moves this Court pursuant to Rule 72 of the Federal Rules of Civil Procedure to modify or set aside the Order entered by Magistrate Judge Daniel G. Martin on March 25, 2015 ("March 25, 2015 Order")[1] denying Plaintiff's Motion to Compel the Chicago Park District ("CPD" or "Defendant") to provide: (1) appropriate Rule 30(b)(6) designees; and (2) actual compensation figures for certain Park Supervisors ("Motion to Compel").[2] In support of its Rule 72 objections, Plaintiff states as follows:

**BACKGROUND**

This is an employment discrimination case including counts for gender, national origin and gender stereotyping arising substantially out of CPD's 2012 termination of Plaintiff from the position of Park Supervisor. On March 13, 2014, this Court referred the matter to Magistrate Judge Daniel G. Martin to oversee discovery matters. (Dkt # 46). As of the date of this filing, written discovery is closed, and oral discovery is substantially underway and presently set to

---

[1] The March 25, 2015 Order is attached hereto as Exhibit A.
[2] Plaintiff filed its motion on January 16, 2015, the full title of which was Plaintiff's Motion to Compel, Motion for Limited Sanctions and Response to Defendant's Motion to Compel Dated January 14, 2015. [Plaintiff's motion is attached hereto as Exhibit B.]

close on April 30, 2015.

*Defendant's Response to Plaintiff Rule 30(b)(6) Notice of Deposition*

On November 19, 2014, Plaintiff served her Second Amended Notice of Deposition of Chicago Park District Under Rule 30(b)(6) ("Plaintiff's Notice"), listing the following eight (8) discrete topics:

> I. Investigations of Park Supervisor employees by Defendant and the results of those investigations;
> II. Defendant's policies and practices regarding timesheets;
> III. Any discipline and all investigations involving Plaintiff;
> IV. Defendant's general anonymous whistleblower hotline policies and procedures and its actual workings as those workings relate to Plaintiff;
> V. Salary, bonus, and benefit information for Park District Supervisors from January 1, 2006 to present;
> VI. Performance and discipline (including records of performance and discipline) for certain CPD employees who were either named or for whom files were produced by Defendant;
> VII. Complaints or charges by employees of Defendant alleging that Defendant had discriminated against an employee based on gender, race, national origin, gender stereotyping, and/or retaliation from 2007 to present;
> VIII. Document retention and/or destruction policies of Defendant. [Plaintiff's Notice is attached hereto as Exhibit C].

In response to Plaintiff's Notice, Defendant served The Chicago Park District's Response to Plaintiff's Request for Rule 30(b)(6) Witnesses on December 19, 2014 ("Defendant's Response"). [Defendant's Response is attached hereto as Exhibit D.] In its Response, Defendant: (1) expanded and scrambled Plaintiff's eight topics into ten topics; (2) listed approximately twenty (20) separate fact witnesses as "most knowledgeable" for numerous subtopics, including eight (8) witnesses under Topic I[3] relating to investigations of CPD employees, four (4) under

---

[3] Plaintiff refers to individual topic numbers as they are set forth in Plaintiff's Notice. Numerous topics in Defendant's Response do not follow the topic numbers set forth in the Notice or were not listed in

Topic III relating to the investigation and discipline of Plaintiff, six (6) under Topic IV relating to hotline calls, policies and procedures, and eleven (11) under Topic VI relating to the performance and discipline of other employees;[4] (3) failed to provide any designee for certain subtopics (i.e., "Investigator unknown"); and (4) failed to provide *any* designees with institutional knowledge about any of the eight main topics as a whole.

Nonetheless, in the interest of compromise, Plaintiff accepts Defendant's more limited designees for the following topics: (1) Topic II – Timesheets, one (1) designee; (2) Topic V – Compensation, Benefits and Responsibilities of Park Supervisors, two (2) designees; (3) Topic VII – Employee Complaints about discrimination, one (1) designee; and (4) Topic VIII – Policies and Procedures on Document Retention and Destruction, two (2) designees. Plaintiff's acceptance of these designees, however, is conditioned on the designees for those topics being prepared to "testify on [Defendant's] behalf . . . about information known or reasonably available to the organization," in accordance with Rule 30(b)(6).

*Actual Compensation of Park Supervisors*

Plaintiff first requested annual compensation of individual Park District Supervisors for the years 2006 to the present in its First Requests for Production of Documents served on October 25, 2013. When Defendant failed to produce this information, Magistrate Judge Martin ordered Defendant to do so in a September 24, 2014 order. (Dkt # 79 ). Defendant then produced base salaries for individual Park Supervisors for one unidentified year and referred Plaintiff to the Union contract, which sets bonuses that correspond to individual parks. Further, Defendant admits that there are longevity bonuses and that some Park Supervisors may receive overtime

---

Plaintiff's Notice at all.
[4] Several designees are repeated under various subtopics throughout the Response. [*See* Exhibit E and Exhibit F attached hereto.]

pay, but has refused to provide *actual* compensation for Park Supervisors by name or by year because it claims that to do so would be too difficult. Rather, Defendant directs Plaintiff to add a particular Park Supervisor's base salary to the Park bonus where he or she is assigned (although park assignment can change in any given month during a calendar year), and then presumably leaves Plaintiff to guess about longevity and overtime pay.

*Plaintiff's Motion to Compel and the March 25, 2015 Order*

Plaintiff moved to compel Defendant to produce both appropriate Rule 30(b)(6) designees and actual compensation figures, and Magistrate Judge Martin denied the motion in his March 25, 2015 Order. First, although the magistrate judge acknowledged the desirability of limiting 30(b)(6) designees, he opined that "[b]y designating persons most knowledgeable on the designated topics and sub-topics, the Park District has made a conscientious, good-faith effort to comply with the spirit and purpose of [Rule 30(b)(6)]." (Pg. 5). Plaintiff respectfully disagrees that designating twenty (20) or more fact witnesses is in compliance with either the spirit or the purpose of the Rule.

The Order also dismissed Plaintiff's argument that not all proposed deponents were qualified to give binding testimony on behalf of the Park District—indeed, some are either no longer employed by Defendant, are actually employed by the Chicago Police Department, are not highly placed within the organization, or a combination thereof—by pointing to language in Rule 30(b)(6) that permits testimony by "other persons" who consent to provide it. (Pg. 5). The Order did not address the fact that Defendant provides no designee for each of Plaintiff's overall topics and, in some instances, fails to provide any designee whatsoever (i.e., "Investigator unknown"). [*See* Defendant's Response, pg. 10].

Regarding the issue of actual compensation, the magistrate judge surmised that Ms. Vega

could simply add the figures provided together "to substantially determine the total compensation of any individual Park Supervisor," and that such a compromise was appropriate given the Park District's representations that it had no reasonable means of acquiring actual total compensation data for each park supervisor, and that attempting to do so would impose an undue burden. (Pg. 3).[5] The Court went on to find that Defendant complied with its September 24, 2015 order and declined to compel CPD to provide actual compensation of Park Supervisors.

Accordingly, Plaintiff submits that this Court should modify or set aside the March 25, 2015 Order pursuant to its authority under Rule 72.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) provides:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed R. Civ. P. 72(a). Further, "[t]he clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). However, "the district judge remains the final authority in the case, and he may reconsider *sua sponte* any matter determined by a magistrate judge." Schur *v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

---

[5] The March 25, 2015 Order declined to mention Plaintiff's suggestion that CPD merely had to produce a list of W-2 information for each of these public employees whose compensation is paid by the taxpayers of Chicago.

5

**ARGUMENT**

Plaintiff now petitions this Court either to modify or to set aside the March 25, 2015 Order pursuant to Rule 72(a), which provides for review of an order entered by a magistrate judge and requires district judges to consider timely objections thereto. Fed. R. Civ. P. 72(a). Specifically, Plaintiff requests that this Court direct Defendant to provide no more than one (1) duly prepared and appropriate designee for the following topics set forth in Plaintiff's Notice: (1) Topic I – Investigations of Employees; (2) Topic III – Discipline and Investigations of Plaintiff; (3) Topic IV – Whistle Blower Hotline; and (4) VI – Performance and Discipline of certain other CPD employees. Plaintiff further requests that this Court order Defendant to produce *actual* total compensation data for all Park Supervisors—in the form of W2's or similar documentary evidence—that would be admissible evidence at trial of actual compensation.

I. **The March 25, 2015 Order Erroneously Ruled That Defendant's Response Complied With Rule 30(b)(6).**

Defendant's Response runs afoul of the spirit and intent of Rule 30(b)(6), which provides:

> Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

Critically, the overarching purpose of Rule 30(b)(6) is to "streamline the discovery

process." *Great American Insurance Company of New York v. Vegas Construction Company*, 251 F.R.D. 534, 538 (D. Nev. 2008). Moreover, it imposes a duty on the responding party "to prepare [30(b)(6) designees] in order that they can answer fully, completely, unevasively" questions pertaining to the topics noticed by the discovering party. *Buycks-Roberson v. Citibank Federal Savings Bank*, 162 F.R.D. 338, 342 (N.D. Ill. 1995). Accordingly, compliance with Rule 30(b)(6) requires more than mere production of fact witnesses.[6]

Plaintiff argued in its Motion to Compel, and vigorously maintains here, that Defendant misunderstands the obligations imposed on it by Rule 30(b)(6) and that its Response fails to comply with the rule in several ways. First, and foremost, producing numerous witnesses to testify about a single designated subject area (sometimes as many as four witnesses on a single *sub*topic) when one should be sufficient is contrary to the purpose of the rule, which is to *streamline* the discovery process. *See Great America*, 251 F.R.D. at 538. Here, Plaintiff will be forced either to take topics piecemeal by questioning a witness seriatim on each of the subtopics under several overall topics, or by having several witnesses testify to each topic in the order they appear and return repeatedly to cover other topics. Most importantly, this piecemeal fact-based, rather than institutional, approach provides no assurance that the institutional knowledge reasonably available to Defendant about each topic will be provided, as each witness will have the opportunity to defer to other witnesses within a given subtopic or to say that some area is not within his/her personal knowledge. The approach in Defendant's Response, upheld by the March 25, 2015 Order, patently frustrates Rule 30(b)(6)'s purpose.

Second, Defendant's Response evades the duty to prepare witnesses "to adequately testify not only on matters known by the deponent, but also on subjects that the entity should

---

[6] Plaintiff's Motion to Compel contained considerable exposition regarding Rule 30(b)(6) and the cases interpreting it; thus, Plaintiff provides only a terse summary of that explanation here.

reasonably know." *Wachovia Sec., LLC v. NOLA, LLC*, 248 F.R.D. 544, 547 (N.D. Ill. 2008). Nothing in the rule requires the responding party to provide witnesses with personal knowledge. *Great America*, 251 F.R.D. at 538. As Plaintiff asserted to the magistrate judge, Defendant effectively sidesteps its duty to prepare by producing every conceivably relevant fact witness in lieu of a reasonable number of appropriate 30(b)(6) designees. Additionally, many of the proposed deponents either no longer work for Defendant or have never worked for Defendant at all.

Prior to preparing this petition, Plaintiff made a good-faith attempt to devise a reasonable way to both comply with the March 25, 2015 Order and obtain the oral discovery testimony to which it is entitled. However, with the four exceptions noted above (Topics II, V, VII, and VIII), Plaintiff has been unable to do so.

Plaintiff has two obvious options, both of which are impracticable and costly in time and money.[7] First, it could depose each of the roughly twenty (20) designees separately, bouncing around numerous designated topics and subtopics. This approach would result in scattered testimony that would be extraordinarily difficult to arrange in any kind of seamless order for summary judgment or trial purposes. In addition, it would be very easy for designees to defer to another designee, possibly one who had already been deposed. Moreover, no designee would speak with the authority of Defendant on any of the eight main topics.

Alternatively, Plaintiff could conduct 30(b)(6) depositions by topic, calling some witnesses back four or five times. Unfortunately, Defendant has designated multiple deponents (indeed, as many as eleven, by Plaintiff's count) on the four topics for which Plaintiff seeks relief, which would require the availability of multiple deponents at one time and the

---

[7] Plaintiff outlined both approaches in Exhibits E and F, attached hereto, which demonstrate the difficulty of each approach.

reappearance of these same deponents multiple times. Neither approach seems to be practically feasible, and both are equally costly in time and dollars.

Accordingly, Plaintiff submits that neither Defendant's Response nor the March 25, 2015 Order follow the spirit or intention of Rule 30(b)(6), which is to *streamline* discovery and save the parties time and expense of deposing every witness with facts about a particular issue in a lawsuit. Under the deferential Rule 72 standard, Plaintiff argues that March 25, 2015 Order is clearly erroneous. As such, this Court should modify or set aside the magistrate judge's ruling on Rule 30(b)(6) issues and order Defendant to revise its list of proposed designees on Topics I, III, IV and VI.

## II. The Order Erroneously Denied Plaintiff's Request for Actual Total Compensation Figures for Other Park District Supervisors.

In its Motion to Compel, Plaintiff argued that the two charts produced by Defendant—base salaries and Union-negotiated bonuses—do not amount to admissible evidence of the actual compensation received by other Park Supervisors. However, the March 25, 2015 Order held that the charts were sufficient to comply with the earlier September 24, 2014 Order, essentially concluding that such a result was fair since Defendant represented that it had no easily accessible database containing the requested figures and Plaintiff could "substantially determine" total compensation based on Defendant's disclosures. The Order also opined that the compensation figures had only "marginal relevance." (Pg. 3).

Plaintiff again submits that the ruling was clearly erroneous. First, the charts tendered by Defendant appear merely to be spreadsheets compiled by some unknown agent of Defendant. They are not evidence of actual compensation of a single Park Supervisor. As an initial matter, the process proposed by Judge Martin—"to individually add the base salary, the park bonus, and any possible longevity pay"—does not ensure accuracy and requires significant extrapolation on

9

Plaintiff's part, as well as guesswork as to longevity bonuses and overtime. Moreover, it overlooks the potentially frequent situation where an individual Park Supervisor is transferred or promoted to a different facility mid-year and thus does not earn the entire bonus that corresponds to the given facility. Simply put, unlike production of official documents like W-2 forms or similar documents which the Defendant delegates to an outside provider in the ordinary course of business, this scheme would not result in *actual evidence* of anything other than Plaintiff's estimations.

Second, the fact that it might be difficult for Defendant to assemble the data requested is not a sufficient reason to deny Plaintiff access to it. As the September 24, 2014 Order noted, Plaintiff "has alleged 'a pattern and practice of discriminating against Hispanic female Class A and B park supervisors,'" and compensation information "may be used to in order to show a pattern or practice of discrimination based on national origin and/or gender." (Pg. 8). However, the March 25, 2015 Order appears to retreat from this position, opining that the relevance is only marginal, and relieving Defendant of its duty to produce the data because of its failure to keep that data organized and accessible.

Further, the total actual compensation figures will assist the trier of fact in determining which employees of Defendant are similarly situated to Plaintiff. *See Patterson v. Avery Dennisson Corp.*, 281 F.3d 676, 680 (7th Cir. 2002) (noting that a similarly situated employee must be "directly comparable to [a plaintiff] in all material respects").

Accordingly, this Court should modify or set aside the ruling on compensation data, and order Defendant to produce actual compensation of Class A, B, C, and D Park Supervisors' total compensation for the relevant years.

**CONCLUSION**

This Court has authority pursuant to Rule 72(a) to modify or set aside the magistrate judge's March 25, 2015 Order. For the reasons explained above, it should do so and grant Plaintiff the relief it seeks.

WHEREFORE, Plaintiff respectfully requests that this Court modify or set aside the Order entered on March 25, 2015 by Magistrate Judge Daniel G. Martin pursuant to Rule 72(a) as follows:

1. Require Defendant to designate no more than one (1) appropriate Rule 30(b)(6) designee for the following topics as set forth in Plaintiff's Second Amended Notice of Deposition of Chicago Park District Under Rule 30(b)(6): (1) Topic I – Investigations of employees; (2) Topic III – Investigation and Discipline of Plaintiff; (3) Topic IV – Whisteblower Hotline policies and actual practice; and (4) Topic VI – Performance and Discipline of other relevant CPD employees;

2. Require all designees to be prepared to testify about all "information known or reasonably available" to the Defendant on the topics for which each is designated, including those for: (1) Topic II – Timesheets; (2) Topic V – Compensation, Benefits and Responsibilities of Park Supervisors; (3) Topic VII – Employee Complaints about discrimination; and (4) Topic VIII – Policies and Procedures on Document Retention and Destruction, as those topics are set forth in Plaintiff's Second Amended Notice of Deposition of Chicago Park District Under Rule 30(b)(6);

3. Order Defendant to produce actual total annual compensation in the form of W-2 reports or similar by individual Park Supervisors for Class A, B, C, and D Parks

        for each year between 2005 and the present; and

4.     Provide such other and further relief as this Court deems appropriate.

Dated: April 7, 2015

                                      Respectfully Submitted,
                                      LYDIA VEGA, Plaintiff

                                      By: /s/ Catherine Simmons-Gill
                                      Catherine Simmons-Gill
                                      Matthew Douglas
                                      Offices of Catherine Simmons-Gill, LLC
                                      111 West Washington Street
                                      Suite 1051
                                      Chicago, IL 60602
                                      simmonsgill@gmail.com
                                      Tel: 312 609 6611
                                      ARDC Number 2159058