**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LYDIA E. VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 cv 00451 |
| | ) | |
| v. | ) | Judge James B. Zagel |
| | ) | |
| CHICAGO PARK DISTRICT, | ) | Magistrate Judge Daniel G. Martin |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL, MOTION FOR LIMITED SANCTIONS AND RESPONSE TO DEFENDANT'S MOTION TO COMPEL DATED JANUARY 14, 2015**

NOW COMES Plaintiff, LYDIA VEGA, ("Plaintiff" or "Vega"), by and through her attorneys, Offices of Catherine Simmons-Gill, LLC, 111 West Washington Street, Suite 1051, Chicago, Illinois 60602, and moves this Court pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel Defendant CHICAGO PARK DISTRICT ("Defendant" or "CPD") to produce: (1) copies of the audio/video discs allegedly created by Defendant's investigators during its investigation of Plaintiff; (2) the total compensation received by CPD Park Supervisors in Class A, B, C, and D parks between 2005 and the present; and (3) appropriate institutional designees in response to Plaintiff's Rule 30(b)(6) Notice of Deposition. Plaintiff further requests that the Court impose appropriate sanctions on Defendant for its failure in following this Court's order of September 24, 2014 concerning producing compensation information for Park Supervisors. Lastly, Plaintiff responds to Defendant's Motion to Compel a response to its Requests to Admit served well after the close of written discovery.

The parties[1] met and conferred telephonically regarding each of these issues, as well as

---

[1] Nelson Brown and Caitlin Brady for Defendant, and, Matthew Douglas and Catherine Simmons-Gill for Plaintiff participated in the telephonic meet and confer.

other subjects, on January 14, 2014 at approximately 3:00 p.m. While the parties agreed on several matters and made a good faith attempt to resolve the issues addressed in this motion, the parties were unable to agree on the issues discussed in this motion.

In support of her motion, Plaintiff states as follows:

### BACKGROUND

As the Court is aware based on its recitation of the background of this case in its September 24, 2014 order Dkt #79 ("9/24/14 Order") attached for the Court's convenience as **Exhibit 1** hereto. Plaintiff sued the Defendant, her former employer, for employment discrimination based on gender, national origin, and sex-stereotyping, as well as for intrusion on seclusion during Defendant's investigation of Plaintiff. *See* Ex.1, 9/24/14 Order at pg. 1.

The 9/24/14 Order resolved various discovery disputes raised by both parties. Relevant to this motion, the Court ordered Defendant to produce discovery responses providing the pay and benefits of park supervisors (Ex.1, 9/24/2014 Order at p.8) and the video equipment used to conduct surveillance of Plaintiff (Ex.1, 9/24/2014 Order at p.11). At the time of the 9/24/2014 Order, while copies of the videotapes of the surveillance of Plaintiff had not yet been provided by Defendant, it appeared that CPD intended to provide a complete set of copies. Although the videotapes of Defendant's surveillance are key to Plaintiff's termination, and Plaintiff requested copies as early as October of 2013, Defendant has yet to produce copies of all surveillance discs. Further, as of January 15, 2015, Defendant has refused to provide total compensation figures paid to individual Park Supervisors.

Plaintiff served its first Rule 30(b)(6) Notice of Deposition on March 13, 2014, superseded by a revised version served on November 12, 2014, and then again on November 19,

2014.[2] Attached hereto as **Exhibit 2** is the operative Second Amended Notice Of Deposition of Chicago Park District under Rule 30(B)(6) ("Rule 30(b)(6) Notice"). In response, Defendant served The Chicago Park District's Response to Plaintiff's Request for Rule 30(b)(6) Witnesses ("Defendant's Rule 30(b)(6) Response"), attached hereto as **Exhibit 3**. Defendant's Rule 30(b)(6) Response is a list of fact witnesses. It lists at least twenty-two (22) persons and multiple persons under each topic, repeats the names of individuals for portions of different topics, and, in one case, lists as a witness "a representative of the Park District." *See* Ex.2, Defendant's Rule 30(b)(6) Response, p.13. Some of the listed individuals are not employed by Defendant including Michael Hester (p. 2, 5, 6, 7 and 10), Leroi Catlin (p. 2, 5, 6, 7 and 10), and Heather Keil (p.7); some of those listed are offered by Defendant because they "should know" about a portion of a topic (p. 10 and 11) and only some of those listed are "officers, directors or managing agents" of Defendant, the standard set forth in Rule 30(b)(6).

On January 14, 2015, Defendant filed a Motion to Compel Plaintiff to respond to Defendant's Requests for Admission Addressed to Plaintiff, Lydia Vega. Plaintiff believes that she should not be required to respond as the Requests were served on January 13, 2015 over a month after the close of written fact discovery per this Court's Order of October 7, 2014. (Dkt #83).

Therefore, Plaintiff brings this motion to compel production of copies of the videotapes, the actual total compensation by year of Park District supervisors in Class A, B, C, and D Parks, and appropriate Rule 30(b)(6) designees; seeking an order for sanctions for Defendant's failure to comply with the Court's order of September 24, 2014; and, requesting that the Court deny Defendant's Motion to Compel a response to discovery posed more than a month after it ordered

---

[2] The November 19, 2014 version differed from the version issued on November 12, 2014 only by a change in date for the deposition.

close of written fact discovery in this matter.

## ARGUMENT

The parties to a federal civil action have a duty to participate fully, fairly, and cooperatively in the discovery process. *See Johnson v. J.B. Hunt Transp., Inc.*, 280 F.3d 1125, 1132 (7th Cir. 2002). In assessing the reasonableness of discovery requests and objections for purposes of Rule 37 motions, courts are mindful of the broad scope of discovery set by Rule 26(b)(1), which includes any request that is "reasonably calculated to lead to the discovery of admissible evidence." *See Fudali v. Napolitano*, 283 F.R.D. 400, 402 (N.D. Ill. 2012). Moreover, as this Court observed in its 9/24/2014 Order at p.2 (Ex.1), "[m]agistrate judges are granted broad discretion in addressing and resolving discovery disputes." *Weeks v. Samsung Heavey Indus., C., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

### I. To Date, Defendant Has Not Provided a Copy of All Surveillance Footage of Plaintiff, Which Surveillance Culminated in Her Termination.

The videotapes made by Defendant in its six- to nine-month investigation of Plaintiff form the basis of the report of the investigators, during which investigators Michael Hester and Leroi Catlin represented that they surveilled Plaintiff. The CPD's Legal Investigation Report provides a chart of a list of surveillance dates and times. *See* **Exhibit 4**, excerpt from CPD's Legal Investigation Report, Bates Nos. CPD 00902-CPD 00908. Plaintiff has sought discovery of the surveillance tapes underlying this report since March of 2013, when it first issued Plaintiff's First Request for Production of Documents.

Plaintiff was first permitted to view the surveillance equipment and the original discs and USB drive on November 20, 2014, although at least one of the original discs could not be viewed on the equipment provided by Defendant. *See* Declaration of Matthew C. Douglas In Support of Plaintiff's Motion to Compel**,** Motion For Limited Sanctions, and Response to

4

Defendant's Motion to Compel, attached hereto as **Exhibit 5** ("Douglas Declaration"). Prior to the November meeting, Defendant produced copies of some but not all of the surveillance footage, and Plaintiff's counsel provided Nelson Brown, counsel for Defendant, on that same date a handwritten list of discs (based on titles marked on the discs) for which Defendant had failed to provide copies. Ex.5, Douglas Declaration, ¶ 5. Since then, Plaintiff has determined that Defendant has provided copies covering only one of the twelve dates on which CPD alleges that Plaintiff engaged in "timesheet fraud." Ex. 5 Douglas Declaration, ¶ 11. For eleven of the dates, Defendant has provided no copies. Mr. Douglas wrote to Mr. Brown several times requesting the copies so Plaintiff could prepare properly for the deposition of its investigators, Michael Hester and Leroi Catlin, presently scheduled for January 22 and 23, 2015, but Defendant never provided the missing copies. Ex. 5, Douglas Declaration, ¶¶ 6-7.

This week, for the first time, Defendant advised Plaintiff that it has been able to view the discs that Plaintiff was unable to view during the November 20, 2014 inspection. Ex. 5, Douglas Declaration, ¶ 8. Defendant has further represented that the discs are only viewable on one of the video cameras that Defendant used for the surveillance,[3] which Defendant related could be projected through a regular DVD player (but not a computer that reads DVD discs) and then attached to a television with a three-prong attachment to the DVD player. Ex. 5, Douglas Declaration, ¶ 9. Defendant went on to state that it has not been successful in making copies and will not be providing Plaintiff with copies. Ex. 5, Douglas Declaration, ¶ 10.

On January 15, 2015 at approximately 4:00 p.m., Mr. Brown wrote to offer the original discs to Plaintiff so that Plaintiff could have copies made at Plaintiff's risk and expense due to CPD "budget constraints." *See* **Exhibit 6** attached hereto, e-mail of Nelson Brown to Matthew

---

[3] Defendant only permitted inspection of this equipment after this Court so ordered on 9/24/2014.

Douglas, cc: Catherine Simmons-Gill, dated Jan 15, 2015 at 3:42 pm, ¶ 2 ("Brown 1/15/15 e-mail"). The rules on electronic discovery provide generally that the cost of providing responsive electronic discovery shall be borne by the party producing, unless equity requires a shifting of that burden of expense. *Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 572 (N.D. Ill. 2004). In addition, Plaintiff should not be required to bear, and is very reluctant to undertake, the responsibility for the integrity of the discs. The CPD has performed numerous investigations and they are being done by Chicago police officers seconded to Defendant; surely it is foreseeable that footage of surveillance that results in the termination of an employee is likely to be evidence in a lawsuit.

Further, however, in the interest of moving the case along, Plaintiff was willing to go forward with the depositions of Hester and Catlin next week in their individual capacities without previewing the missing footage, and was further willing to provide the apparently necessary DVD player and a television at its offices. Plaintiff requested only that Defendant's witnesses during their depositions would be prepared to identify and project the correct footage for each day of surveillance during the depositions. Obviously, Plaintiff will not be in a position to queue footage that it does not have. Defendant has refused at least in part, and is only willing to permit the investigators to prepare and have ready to project footage only the dates for which CPD has claimed that Plaintiff committed timesheet falsification, an exercise that will involve "short delays" "[b]ecause all surveillance on a particular day was not always on a single disc, to play a full-days (sic) investigation will involve some switching of discs . . . ." *See* **Ex. 6,** Brown 1/15/15 e-mail, ¶ 3.

Accordingly, Plaintiff requests that this Court compel Defendant to produce to Plaintiff true and correct copies of all footage of the surveillance of Plaintiff Lydia Vega at its own

expense and through a competent provider of electronic reproduction services of it choice within three (3) business days.

## II. Defendant Continues to Refuse to Provide Total Actual Compensation of Park District Supervisors In Violation of This Court's 9/24/14 Order.

As set forth above, this Court ordered Defendant to provide total actual compensation and benefits by year for Park Supervisors at Class A, B, C, and D parks for the years 2005 through the present. *See* Ex. 1, 9/24/2014 Order pp.7-8. What Defendant has provided is a chart of the base salaries by individual without any specification of year for the salary figure, and the Union-negotiated list of bonuses by Park to which each bonus applies. Apparently, Defendant is suggesting that Plaintiff add the base salary (unspecified as to year), determine from other provided charts which dates which supervisors at which parks worked part or all of a year, then add the bonus number for that park or parks to the base salary to arrive at a final figure. This is not reasonable and will not provide anything remotely approaching evidence of actual compensation. Further, Defendant continues to refuse to provide any information on other bonuses such as longevity bonuses or figures on overtime pay. In so refusing and apparently ignoring the Court language on appropriate comparators (Ex. 1, 9/24/2014 order p.8), Defendant states among other things "Finally, we have never believe (sic) that your request for such extensive financial information has no (sic) relevance to the wrongful termination claims . . . except to show economic damage to Plaintiff." *See* Ex. 6, Brown 1.15.15 e-mail, ¶3.

Plaintiff requests that this Court order Defendant to produce *actual* total compensation and benefits by individual for Class A, B, C, and D Park Supervisors for each year between 2005 and the present. Further, Plaintiff requests that Defendant be sanctioned by being ordered to pay for the cost of preparing the limited portion of this Motion directed at that information. *See* Fed. R. Civ. P. 37(b)(2)(C) (instead of or in addition to a series of other potential sanctions, "the court

7

must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"); *see also Wachovia Sec., LLC v. NOLA, LLC*, 248 F.R.D. 544, 550 (N.D. Ill. 2008).

### III. Defendant Failed to Comply With the Duties Imposed By Rule 30(b)(6) and This Court Should Compel Defendant To Produce One or a Limited Number of Appropriate Designees

Federal Rule of Civil Procedure 30(b)(6) provides:

> Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more *officers, directors, or managing agents*, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6) (emphasis added).

The overarching purpose of rule 30(b)(6) is to "streamline the discovery process." *Great American Insurance Company of New York v. Vegas Construction Company*, 251 F.R.D. 534, 538 (D. Nev. 2008).[4] It provides for a specialized form of deposition, the defining feature of which is that a 30(b)(6) designee's testimony "represents the knowledge of the corporation [or other organization]," not that of the individual deponent him or herself. *Id.* Further, the rule imposes well-established burdens on both the discovering party and the responding party,

---

[4] While this case does not issue from the Seventh Circuit or the Northern District of Illinois, the Nevada District Court has made extensive efforts to survey many of the decisions on Rule 30(b)(6) discovery issues and Plaintiff has been unable to find an apposite case in this jurisdiction.

8

specifically that "the party seeking discovery through a Rule 30(b)(6) deposition is required to describe 'with reasonable particularity the matters on which examination is requested,'" and, in turn, "the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics." *Id.*

However, compliance with the rule requires more of the responding party than merely producing one or more fact witnesses for examination. As this Court observed in *Buycks-Roberson v. Citibank Federal Savings Bank*, the responding party must also:

> make a conscientious good faith effort to designate the persons having knowledge of the matters sought by the [discovering party] and *to prepare those persons* in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matter.

162 F.R.D. 338, 342 (N.D. Ill. 1995) (emphasis added). This duty to prepare extends beyond matters known personally to the deponent; in fact, a 30(b)(6) respondent organization "must prepare [its] representative 'to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know.'" *Wachovia Sec., LLC v. NOLA, LLC*, 248 F.R.D. 544, 547 (N.D. Ill. 2008). Moreover, the responding party has an "affirmative duty" to ensure that a 30(b)(6) deponent is qualified to provide *binding* responses on the organization's behalf. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007); *see also U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (noting that "the designee must not only testify about facts within the [entity's] knowledge, but also its subjective beliefs and opinions"). However, rule 30(b)(6) does not require a deponent to have personal knowledge of the designated subject matter. *Great America*, 251 F.R.D. at 538.

Here, Plaintiff met its obligations and provided eight specific Rule 30(b)(6) topics, summarized and paraphrased from Exhibit 2 hereto:

    I.      Investigations of Park Supervisor employees by Defendant and the results of those investigations;

    II.      Defendant's policies and practices regarding timesheets;

    III.      Any discipline and all investigations involving Plaintiff;

    IV.      Defendant's general anonymous whistleblower hotline policies and procedures and its actual workings as those workings relate to Plaintiff;

    V.      Salary, bonus, and benefit information for Park District Supervisors from January 1, 2006 to present;

    VI.      Performance and discipline (including records of performance and discipline) for certain CPD employees who were either named or for whom files were produced by Defendant;

    VII.      Complaints or charges by employees of Defendant alleging that Defendant had discriminated against an employee based on gender, race, national origin, gender stereotyping, and/or retaliation from 2007 to present;

    VIII.      Document retention and/or destruction policies of Defendant.

For each of those topics, Plaintiff provided, without limitation, areas of inquiry within the topic, an effort not required by the rule. Accordingly, Plaintiff complied with rule 30(b)(6)'s directive to "describe with reasonable particularity the matters for examination," and, as a consequence, the rule mandates that Defendant produce one or more *appropriate* 30(b)(6) designees in accordance with the rule and the settled propositions discussed above.

However, rather than comply with the rule, Defendant proposes to provide at least twenty-two (22) fact witness, some for part of or more than one topic. Defendant appears to offer, for each individual *sub*topic, the person(s) it believes are most knowledgeable or have the

most personal experience with the subject matter, many of whom are not qualified to relay CPD's institutional knowledge. Several of the listed witnesses are not even employed by Defendant.

This case does not concern the typical factual scenario covered by many of the cases in which a responding entity produces an underprepared designee. Nevertheless, Defendant apparently misunderstands the obligations imposed on it by rule 30(b)(6) and its response fails to comply with the rule in several ways. First, and foremost, producing numerous witnesses to testify about a single designated subject area when one should be sufficient is contrary to the purpose of the rule, which is to *streamline* the discovery process. *See Great America*, 251 F.R.D. at 538. Rule 30(b)(6) requires Defendant to produce designees, generally "directors, officers or managing agents" with institutional knowledge. Defendant, however, apparently intends to force Plaintiff either to take topics piecemeal by questioning a witness seriatim on each of the subtopics under several overall topics, or by having several witnesses testify each topic in the order the topics appear and return repeatedly to cover other topics. Defendant's Response and the course of action proposed by that Response will not produce Rule 30(b)(6) testimony, patently frustrates 30(b)(6)'s purpose, and otherwise creates an untenable situation for Plaintiff.

Second, by producing every conceivably relevant fact witness in lieu of a reasonable number of appropriate 30(b)(6) designees, Defendant is attempting to shirk its duty to prepare its deponents. As noted above, CPD is required to prepare a deponent "to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Wachovia*, 248 F.R.D. at 547. However, as the *Great America* court noted, nothing in the rule requires that the responding party provide witnesses with personal knowledge. 251 F.R.D. at 538. Further, the duty to prepare a designee cannot be supplanted by the production of a long list

11

of fact witnesses with personal knowledge of the topics. Defendant has effectively flooded Plaintiff with a list of names and in doing so is attempting to sidestep its 30(b)(6) duty to prepare.

Third, not all of the proposed 30(b)(6) deponents are qualified to give binding testimony on CPD's behalf. For instance, investigators Michael Hester and Leroi Catlin—offered as designees on numerous designated topics—are police officers for the Chicago Police Department and not employees of Defendant. It is difficult to imagine how non-employee investigators would be competent to testify about facts within CPD's knowledge. *See Taylor*, 166 F.R.D. 361. Moreover, at least one designee, Heather Keil, cited in Defendant's Response as a potential deponent no longer works for CPD, and although nothing in the rule precludes the designation of a former employee, it does require that such a designee consent to serve as such. *Wachovia*, 248 F.R.D. at 548. Nothing in Defendant's Response indicates Keil's willingness to testify, and Plaintiff does not have a responsibility to determine it herself. Finally, numerous designees are not officers, directors, or managing agents of Defendant and accordingly are not of the category generally called for by Rule 30(b)(6) as situated to speak on behalf of an organization as large and multi-layered as Defendant. *See Ecclesiastes*, 497 F.3d 1147 (noting that rule 30(b)(6) designees are typically officers, directors, or managing agents).

Ultimately, Plaintiff satisfied its 30(b)(6) burden by defining with adequate particularity the topics its seeks to explore. Defendant, however, fundamentally misunderstands rule 30(b)(6) and failed to meet its burden where it provided Plaintiff an unduly long list of largely unqualified fact witnesses. Accordingly, this Court should grant Plaintiff's motion, and order Defendant to produce appropriate rule 30(b)(6) deponents.

## CONCLUSION

Apparently, Defendant wants to dictate the discovery process according to its own rules, not those set out in the Federal Rules of Civil Procedure or orders issued by the Court. Thus, Defendant appears to be unwilling to comply with its duty to participate fully, fairly, and cooperatively in the discovery process. *See Johnson*, 280 F.3d at 1132.

First, Defendant refuses to produce complete copies of the surveillance footage due to alleged difficulty in copying some of the relevant discs. Without consulting a single outside technical source, Defendant's solution is to make Plaintiff figure it out herself, pay for the solution, and to disclaim all responsibility for potential damage done in the process. Meanwhile, Plaintiff can only examine witnesses on footage from certain dates specified by Defendant.

Second, Defendant refuses to follow this Court's order to provide accurate, complete total compensation figures for other park supervisors because it is either too time consuming or too difficult, neither of which amount to an excuse for disobeying this Court's 9/24/14 Order.

Third, Defendant refuses to provide appropriately prepared Rule 30(b)(6) designees who will speak for and on behalf of the Chicago Park Department and have been prepared on the topics set forth in Plaintiff's 30(b)(6) Notice. It lists twenty-two (22) or more fact witnesses. Defendant seeks to require Plaintiff to jump either from subtopic to subtopic by exhausting a particular witness or to jump from unrelated subtopic to subtopic to exhaust a particular witness. By either procedure, not only would the transcript be unusable but there would no testimony on behalf of the institution.

Lastly, Defendant served Plaintiff with Requests to Admit well after this Court ordered the close of written discovery. *See* Minute Order dated October 7, 2014.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

13

1. Order Defendant to produce copies at Defendant's expense of all surveillance footage recorded during the course of Defendant's investigation of Plaintiff within three (3) business days;

2. Order Defendant to produce actual total compensation and benefits by individual for Class A, B, C, and D Park Supervisors for each year between 2005 and the present, and require Defendant to pay reasonable attorney's fees incurred in bringing this portion of the Motion;

3. Order Defendant to designate no more than one (1) deponent per rule 30(b)(6) topic cited above; and

4. Declare that Plaintiff need not respond to Defendant's untimely Requests for Admission.

Dated: January 16, 2015

                                    Respectfully Submitted,
                                    LYDIA VEGA, Plaintiff


                                    By: /s/ Catherine Simmons-Gill
                                    Catherine Simmons-Gill
                                    Ross M. Drath
                                    Offices of Catherine Simmons-Gill, LLC
                                    111 West Washington Street
                                    Suite 1051
                                    Chicago, IL 60602
                                    simmonsgill@gmail.com
                                    Tel: 312 609 6611
                                    ARDC Number 2159058