**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| LYDIA E. VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-CV-451 |
| | ) | |
| v. | ) | Judge James V. Zagel |
| | ) | |
| CHICAGO PARK DISTRICT, | ) | Magistrate Judge Daniel G. Martin |
| | ) | |
| Defendant. | ) | |

**THE CHICAGO PARK DISTRICT'S RESPONSE
TO PLAINTIFF'S REQUEST FOR RULE 30(b)(6) WITNESSES**

The Defendant, Chicago Park District, responds to Plaintiff, Lydia Vega's, request for the identity of F.R.Civ.P. 30(b)(6) witnesses, as follow:

I. [**Investigation of Other Park Supervisors**] Depose a Park district witness knowledgeable about Park District investigation of Class A and Class B Park Supervisors conducted between January 1, 2008 and the present, whether or not such investigations resulted in discipline or termination of the investigated employees, including the following aspects of those investigations:

   a. The procedural requirements for such investigations, in terms of both formal policy and informal custom or practice;

   Response: Mike Simpkins, Director of Human Resources; Alison Perona, Park District Inspector General.

   b. CPD's policy and practice regarding progressive discipline, and the application of that policy and practice to such investigations.

   Response: Mike Simpkins, Director of Human Resources.

   c. The name, gender, and race of each person so investigated;

   Response: The persons who would know the most about the Responses to requests c., d., e., f., and g. would be the individual investigators for each case:

   **Edward Skerrett, Investigator**

   1. Marlon Smith (08-032, 10-017) (Black) (timesheet issue, not sustained)

1

2. Donnell Davis (08-056) (Black male) (residency, sustained)
3. Mike Brown (08-072) (Black male) (outside business without proper paperwork, sustained).
4. Wendy Ellis (08-079) (Black female) (residency, timesheet falsification, both sustained).
5. Thomas Southern (08-080) (Black male) (residency, closed – resignation)
6. Marques Buford (09-057) (Black male) (financial misappropriation, not sustained; lack of services and equipment, sustained (referred to management).
7. Robin Locke (09-073) (Black male) (residency, sustained)
8. Denise Raymond (12-005) (white female) (left park unattended, not sustained; performed unauthorized service not benefiting Park District, sustained (referred to management).
9. Sherri Hudson (10-053, 12-006) (Black female) (misappropriation of funds, sustained (10-053); financial misappropriation, not sustained (12-006).
10. Gonzalo Reyes (07-072) (Hispanic male) (timesheet issue, investigation suspended/closed)

**Leroi Catlin, Investigator**

1. Ronald Wright (11-005) (Black male) (doing Board of Education business on Park District time, not sustained)
2. Richard Blake (11-051) (White male) (timesheet falsification, investigation suspended, no finding). Martin Drumm, Human Resources Manager, also knows some about this investigation.
3. Michael Brown (12-001) (criminal background check, non-suit on charges, referred to management).

**Michael Hester, Investigator**

4. Dina Rutledge (OIG12-078) (Black female) (timesheet falsification, sustained).
5. Corthenia Davis-John (10-010, 10-030B, 11-066) (Black female) (destruction of property and timesheet falsification, sustained).
6. Lydia Vega (11-075, 12-005) (Hispanic female) (timesheet falsification, sustained): Michael Hester and Leroi Catlin, Investigators, would know the most about this matter during the investigation.

**Michael Simpkins, Director of Human Resources**

7. Maria Ortiz (Hispanic female)(financial mismanagement, etc., sustained)

2

**Matt Marino & Cynthia Moreno**

8. Nereida Aviles (Hispanic female)(failure to follow procedures about financials, etc. and allowing unauthorized people to supervise minors, etc.; sustained)

d. The names of each investigator involved in the investigation;

Response: See the Response to c.

e. The substantive basis of each such investigation;

Response: See the Response to c.

f. Cooperation practices of investigators in the specific situation where multiple investigators are assigned to a single investigation;

Response: Edward Skerrett, Investigator.

g. Types of equipment used by investigators in conducting the investigations;

Response: Edward Skerrett, Investigator.

h. Policies and procedures followed by the investigators in conducting these investigations;

Response: Edward Skerrett, Investigator.

i. The findings of each investigation; and,

Response: See Response to c.

j. Discipline, if any, issued by Defendant as a result of those investigations.

Response:

**Edward Skerrett:** [knows the most about the investigations]

1. Marlon Smith (08-032, 10-017) (Black male) (no discipline): Beka Reierson would know the most about any possible discipline.
2. Donnell Davis (08-056) (Black male) (no discipline, resigned): Beka Reierson would know the most about any discipline.
3. Mike Brown (08-072) (Black male) (no discipline): Beka Reierson would know the most about any possible discipline.
4. Wendy Ellis (08-079) (Black female) (probationary employee, terminated for residency): Beka Reierson would know the most about her termination.
5. Thomas Southern (08-080) (Black male) (resigned under threat of discipline): Beka Reierson would know the most about this matter.

6. Marques Buford (09-057) (Black male) (no discipline, resignation): Beka would know the most about this matter.
7. Robin Locke (09-073) (Black male) (terminated, residency): Beka Reierson knows about this matter.
8. Denise Raymond (12-005) (white female) (no discipline): Beka Reierson would know the most about this matter.
9. Sherri Hudson (10-053, 12-006) (Black female) (terminated): Beka Reierson would know the most about this termination.
10. Gonzalo Reyes (07-072) (Hispanic) (no discipline): Beka Reierson would know the most about any discipline.

**Leroi Catlin:** [knows the most about the investigations]

11. Ronald Wright (11-005) (Black male) (no discipline taken): Beka Reierson knows the most about any discipline.
12. Richard Blake (11-051) (white male) (no discipline was taken): Martin Drumm, Human Resources Manager, would know about any possible discipline. Beka Reierson would also know about any discipline.
13. Michael Brown (12-001) (Black male) (no discipline was taken): Beka Reierson would know the most about any discipline.

**Michael Hester** [knows the most about the investigations]

14. Dina Rutledge (09-036) (Black female) (terminated, timesheet falsification): Mary Saieva, Human Resources Manager, knows the most about the termination.
15. Corthenia Davis-John (10-010, 10-030B, 11-066) (Black female) (terminated) : Martin Drumm, Human Resources Manager, knows the most about the termination. Beka Reierson would also know about the termination.
16. Lydia Vega (11-075, 12-005) (Hispanic female) (terminated, timesheet falsification): Mary Saieva, Human Resources Manager, would know the most about the discipline. Leroi Catlin, Investigator, also knows about the investigation.

**Michael Simpkins** [knows about the investigation]

17. Maria Ortiz (Hispanic female)(financial mismanagement, etc., terminated) Michael Simpkins, Director of Human Resources, knows the most. Michael Simpkins, Director of Human Resources, knows the most about the discipline.

**Matt Marino and Cynthia Rosario** [know about the investigation]

18. Nereida Aviles (Hispanic female)(failure to follow procedures about financials, etc. and allowing unauthorized people to supervise minors, etc.; terminated). Matt Marino, current Deputy Director of Workforce development, and Beka Reierson, former Director of Human Resources, would know the most about the discipline.

4

II. **[Time Sheets]** Defendant's policy and practice (in effect in the period from January 1, 2010 to July 31, 2012) regarding the production, collection, maintenance, and use of employee timesheets including all of Defendant's institutional knowledge about the following:

  a. Formal policies and informal practices related to the method by which employees were instructed to fill out their timesheets;

  Response: Michael Simpkins, Director of Human Resources

  b. Formal policies and informal practices related to the method by which employees could have and/or did amend or correct errors in their timesheets;

  Response: Michael Simpkins, Director of Human Resources

  c. Actual practice of Defendant in the dates of collection of timesheets, particularly but not limited to those time periods when timesheets were collected prior to the final date covered by the timesheets collected; [maybe: "Actual practice of Defendant in collecting employee timesheets, particularly but not limited to instances in which Defendant collected timesheets before the final date of the period covered by the same timesheets"];

  Response: Michael Simpkins, Director of Human Resources

  d. The frequency with which Defendant Instructed its employees to amend their timesheets to the specific hours during which they worked, including specific instances of such instruction if applicable; and the frequency of receipt of the CPD amended timesheets.

  Response: Michael Simpkins, Director of Human Resources

III. **[Investigation of Vega]** All disciplinary actions and investigations involving Plaintiff Lydia Vega, including all of Defendant's institutional knowledge on the following:

  a. Surveillance conducted on Plaintiff at any time;

  Response: Michael Hester, Investigator; Leroi Catlin, Investigator; Edward Skerrett, Investigator; Mary Saieva, Human Resources Manager.

  b. Interviews of others conducted by any investigator during the Defendant's investigation of Plaintiff;

  Response: Michael Hester, Investigator; Leroi Catlin, Investigator; Edward Skerrett, Investigator; Mary Saieva, Human Resources Manager.

5

    c. Lydia Vega's disciplinary record during her tenure with the Park District;

Response:    Mary Saieva, Human Resources Manager, knows about Vega's overall history with the Park District, apart from her termination.

    d. Any investigation that Defendant made of the information provided to it by Plaintiff during her Corrective Action Meeting concerning her refutation of Defendant's allegations that Plaintiff was not working on October 11, 2011, October 19, 2011, November 1, 2011, November 17, 2011, December 2, 2011, December 5, 2011, December 6, 2011, January 19, 2012, January 23, 2012, January 30, 2012 and January 31, 2012;

Response:    Mary Saieva, Human Resources Manager.

    e. The interview of or meeting with Plaintiff held on February of 2012 by Michael Hester and Leroi Catlin at Bessemer Park.

Response:    Michael Hester, Investigator; Leroi Catlin, Investigator.

    f. The interview of Plaintiff held on March 12, 2012 by Michael Hester and Leroi Catlin at CPD headquarters;

Response:    Michael Hester, Investigator; Leroi Catlin, Investigator.

    g. The interview of Plaintiff held by Leroi Catlin at Bessemer Park on March 12, 2012;

Response:    Leroi Catlin, Investigator.

    h. The CAM attended by Plaintiff and Mary Saieva and at least one other on July 26, 2012;

Response:    Mary Saieva, Human Resources Manager.

    i. The Cam attended by Plaintiff and Mary Saieva and at least on other on August 23, 2012; and

Response:    Mary Saieva, Human Resources Manager

    j. All discussions leading up to and including the determination to terminate Plaintiff, including the identities and roles of the persons involved.

Response:    Mary Saieva, Human Resources Manager

    k. Retrieval Efforts:

Response: Michael Thompson, Network Manager, with UNISYS.

6

    l. May seek deposition testimony regarding whether or not notes were destroyed and if so, the circumstances under which any such documents were destroyed.

Response: Michael Hester & Leroi Catlin, Investigations, will testify about whether notes were taken, and what, if anything, were done with them.

IV. [**Park District's Hotline**] The workings of Defendant's Hotline generally and other calls to Defendant's administrative offices, and, specifically as such calls relate to calls concerning Plaintiff, including all institutional knowledge of Defendant on:

    a. Policies, procedures and actual practices concerning Defendant's Hotline;

Response**:** The employees with the most knowledge about the Hotline calls will vary depending on the month in which any such call was made: Kenneth Tassone, Director of Performance Information, (November 2010 ~ October 2011); Russ Needler, Director of Audit, (October 2011 ~ May 2012); and Allison Perona, Park District Inspector General, (April 2012 to present).

    b. Any calls to CPD's hotline relating to Lydia Vega, including the content of such calls and the identity of each caller to the extent it known;

Response: See Response to IV.a: Kenneth Tassone (November 2010 ~ October 2011) & Russ Needler (October 2011 ~ May 2012) & Allison Perona (April 2012 to present)

    c. Any action taken as a result of calls to Hotline about Lydia Vega and the reasons for such action; and

Response: See Response to IV.a: Kenneth Tassone (November 2010 ~ October 2011) & Russ Needler (October 2011 ~ May 2012) & Allison Perona (April 2012 to present). Leroi Catlin and Michael Hester, Investigators

    d. Information regarding calls made to and from one Heather Keil about Bessemer Park not being open on September 4, 2012 involving at least one third party and Plaintiff.

Response: Heather Keil is no longer a Park District employee. Allison Perona, Park District Inspector General is the current Park District employee who would have the most knowledge about this call. Heather Keil would have more knowledge than Persona. Heather Keil works for O'Hagan, LLC, One East Wacker Dr., 34th floor, Chicago, IL., 60601.

7

V.     [**Deposition of Shreece Childs**] To explore Child's motivation in making calls to the Hotline regarding Vega's attendance and allegedly encouraging others to call the Park District to complain about Vega.

**Response**: Shreece Childs, Playground Supervisor.

VI.     [**Salary and Benefits of Park Supervisors**] Salary, bonus and benefit information regarding Park Supervisors in Defendant's employ during period from January 1, 2006 until the present, including but not limited to:

    a. The applicable union agreement and its application to the determination of salaries for Park Supervisors of Class A,B,C, and D;

Response:     Michael Simpkins, Director of Human Resources, can testify to these matters based partly upon personal knowledge but mainly upon the provisions of the collective bargaining agreement between the Service Employees International Union (SEIU) and the Park District.

    b. Actual day-to-day responsibilities and duties of Park Supervisors assigned to Class A Parks;

Response:     Patrick Townsend, North Region Manager.

    c. Actual day-to-day responsibilities and duties of Park Supervisors assigned to Class B Parks;

Response:     Patrick Townsend, North Region Manager.

    d. Actual day-to-day responsibilities and duties of Park Supervisors assigned to Class C Parks;

Response:     Patrick Townsend, North Region Manager.

    e. Actual day-to-day responsibilities and duties of Park Supervisors assigned to Class D Parks;

Response:     Patrick Townsend, North Region Manager.

    f. Name, gender, ethnicity/national origin and age of each park supervisor assigned to a Class A or Class B park and the duration of each assignment to a particular park; and

Response:     Michael Simpkins, Director of Human Resources, can testify to this request off of Park District spreadsheets kept in the ordinary course of business because the large number of Class A and B facilities makes it

        impossible for one person to testify about such specific information on all such parks from memory.

    g. The actual salaries, bonuses, other compensation and benefits received by Park Supervisors in Classes A and B, organized by name, race, and gender of the relevant individuals.

    Response: Michael Simpkins, Director of Human Resources, can testify to this request off of Park District spreadsheets kept in the ordinary course of business and the SEIU collective bargaining agreement because the large number of Class A and B facilities makes it impossible to testify about all such parks from memory.

VII. [**Investigation of Other Employees**] The performance and disciplinary records of the following individuals, including the contents of their personnel and disciplinary record files:

    a. Shreece Childs;

**Response**: Anita Gilkey, Area Manager.

    b. Richard Blake;

**Response**: Martin Drumm, Human Resources Manager; Leroi Catlin, Investigator

    c. Corenthia Davis John;

**Response**: Martin Drumm, Human Resources Manager; Beka Reierson, former Director of Human Resources.

    d. All individuals listed on Bates Nos. 1081-1084 produced by Defendant (Marlon Smith, Stephanie Garland, Hattie Lewis, Ivy Blanton, LaShanda Webster, Kawanda Murray; Shawanda West, Latosha Williams, Wanda Norris, Dionna Brookens, Gonzalo Reyes, Genise Johnson, Gerald W. Pocztowski, Corthenia Davis-John);

Response:

**Edward Skerrett, Investigator:** [Knows most about the investigations].

Marlon Smith (Black male) (Park Supervisor) (not sustained) (no discipline). Beka Reierson would know the most about any possible discipline.

9

Stephanie Garland (Hispanic female) (not sustained) (no discipline) Beka Reierson would know the most about any possible discipline.

Gonzalo Reyes (Hispanic male) (Park Supervisor) (investigation suspended) (no discipline) Beka Reierson would know the most about any possible discipline.

**Michael Hester, Investigator:** [Knows most about the investigations].

Ivy Blanton (Black female) (Staff Assistant) (sustained) (5-day suspension). Michael Simpkins, Director of Human Resources, knows about discipline

Wanda Norris (Black female) (Playground Supervisor) (not sustained) (no discipline). Beka Reierson would know about any possible discipline.

Genise Johnson (Black female) (Receptionist) (improperly claimed 3 funeral-leave days, sustained) (no record of discipline). Beka Reierson would know the most about any possible discipline.

Hattie Lewis (Black female) (sustained, late to work on three occasions) (referred to management) (no record of discipline). Beka Reierson would know the most about any possible discipline.

**Leroi Catlin, Investigator:** [Knows most about the investigations].

LaShanda Webster (Black female) (Seasonal employee) (not sustained) (no discipline) Beka Reierson would know the most about any possible discipline.

Richard Blake (white male) (Park Supervisor) (suspended) (no discipline) Martin Drumm, Human Resources Manager, also knows about Blake's discipline history, if any.

**Unsure who investigated:**

Kawanda Murray & Shawanda West (Black Females) (not sustained) (no discipline) [Edward Skerrett, Investigator should know the most about any investigation. Beka Reierson would know the most about any possible discipline.

Latosha Williams (Black female) (Laborer) (not sustained) (no discipline) Edward Skerrett, Investigator, should know the most about the investigation. Beka Reierson knows the most about any possible investigation.

Gerald Pocztowski (White male) (Vehicle driver) (not sustained) Edward Skerrett, Investigator should know the most about the investigation. Beka Reierson should know about any possible discipline.

10

    e. Any discipline issued to, investigation of and the reason for the end of the employment of Nereida Aviles, Martha Ramirez, Maria Ortiz and any other Class A or Class B Park Supervisor who was Hispanic and female between January 1, 2008 and the present.

Martha Ramirez:

Response: There was no investigation of her. Mary Saieva, Human Resources Manager, would know the most about her leaving the Park District.

Nereida Aviles:

Response: Michael Simpkins, Director of Human Resources, and Matt Marino, former Acting Chief Programming Officer, and Cynthia Rosario, Area Manager, should know the most about any investigation and discipline.

Maria Ortiz:

Response: Michael Simpkins, Director of Human Resources, should know the most about her investigation and discipline.

VIII. **[Other Complaints]** Any complaint or charge made to or about the Defendant that Defendant has or had discriminated against an employee on the basis of gender, race, national origin, gender stereotyping and/or retaliation from 2007 to the present, including but not limited to:
    a. The complaint or charge;
    b. Any investigation undertaken by the Defendant
    c. Any results of an investigation undertaken by Defendant; and
    d. Any action taken by Defendant as a result of the complaint/charge.

**Response:** [with respect to a. through d.]

1. Cathleen Schandelmeier-Bartels (race, white): Beka Reierson, former Director of Human Resources;

2. Emery Yost (national origin, white; gender, male; retaliation and gender stereotyping): Beka Reierson, former Director of Human Resources;

3. Aris White (retaliation and gender discrimination, female): Beka Reierson, former Director of Human Resources;

4. Jeanne Toft (gender discrimination, female): Beka Reierson, former Director of Human Resources;

11

5. Randal Shealey (gender discrimination, male): Beka Reierson, former Director of Human Resources;

6. Shundra Johnson (race, Black, & retaliation): Beka Reierson, former Director of Human Resources;

7. Misty Mitchell (gender discrimination, pregnancy): Beka Reierson, former Director of Human Resources;

8. Tony Horton (race discrimination, Black): Beka Reierson, former Director of Human Resources;

9. Jakesha Hawkins (retaliation): Beka Reierson, former Director of Human Resources;

10. Phillip McGrath (gender stereotyping, gay man): Beka Reierson, former Director of Human Resources;

11. Eddie Johnson (gender discrimination, male): Beka Reierson, former Director of Human Resources;

12. Gloria Gaines (gender discrimination, female): Beka Reierson, former Director of Human Resources;

13. LaShundra Shelby (race, Black & retaliation): Beka Reierson, former Director of Human Resources;

14. Justin Carbol (harassment and discrimination based on national origin, Hispanic): Beka Reierson, former Director of Human Resources;

15. Emmanuel Tyler (race discrimination, Black): Beka Reierson, former Director of Human Resources;

16. Miako Johnson (gender discrimination, female – failure to promote): Beka Reierson, former Director of Human Resources;

17. Shyanne Williams (gender discrimination, female – failure to promote): Beka Reierson, former Director of Human Resources.

18. Robin Locke (racial discrimination, Black, termination): Beka Reierson, former Director of Human Resources; and, Edward Skerrett, Investigator.

19. John D. Kuol (race discrimination, Black, and retaliation): Beka Reierson, former Director of Human Resources;

20. Margaret Smith (Gender, female, and race, Black, discrimination & sexual orientation): Beka Reierson, former Director of Human Resources.

21. Jose Capo (national origin discrimination, Hispanic): Beka Reierson, former Director of Human Resources;

22. Monique Young (national origin, Black): Beka Reierson, former Director of Human Resources;

23. Simon Love (race discrimination, Black): Beka Reierson, former Director of Human Resources.

IX. **[Document Retention / Destruction]** Any formal written policy or informal practice of Defendant relating to document retention or document destruction, including but not limited to, destruction of documents and things that underlie an investigation of a CPD employee for violations of CPD rules and regulations such as timesheet violations.

**Response**: Edward Skerrett, Investigator, about the policy followed by Investigators on retaining notes that Investigators make during the course of their investigations.

Maria Castaneda, Public Documents Manager, on state law about document retention practices that the Park District should follow.

X. [**Class A, B, C, and D Park Supervisors**] Vega may seek additional clarification regarding the day-to-day responsibilities of Park Supervisor and Playground Supervisor positions by <u>deposing a representative of the Park District</u> Pursuant to Rule 30(b)(6).

**Response**: Patrick Townsend, North Region Manager, knows the most about this topic.

Dated: December 19, 2014

                                              CHICAGO PARK DISTRICT

                                              By: <u>/s/ Nelson A. Brown, Jr.</u>

Nelson A. Brown, Jr. (3123202),
Senior Counsel
Lina Cho
Attorney
CHICAGO PARK DISTRICT
541 N. Fairbanks Ct., 3rd floor
Chicago, IL 60611
(312) 742-4609
(312) 742-4610

## CERTIFICATION OF SERVICE

I, Nelson A. Brown, Jr., an attorney, hereby certify that on December 19, 2014, I caused to be served a copy of the foregoing **THE CHICAGO PARK DISTRICT'S RESPONSE TO PLAINTIFF'S REQUEST FOR RULE 30(b)(6) WITNESSES** in the above-captioned matter to be served on the parties of record, including those listed below, by email as agreed to by the parties and by regular mail, addressed to:

>Catherine Simmons-Gill, Esq.
>Offices of Catherine Simmons-Gill, LLC
>111 West Washington Street
>Suite 1051
>Chicago, Illinois 60602
>Tel: (312) 609-6611
>simmonsgill@gmail.com

>Respectfully submitted,
>Chicago Park District

By:    /s Nelson A. Brown, Jr.