## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| LYDIA E. VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 cv 00451 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | Magistrate Judge Daniel Martin |
| CHICAGO PARK DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S OMNIBUS
## MOTION IN LIMINE

NOW COMES Plaintiff, LYDIA VEGA, ("Plaintiff" or "Vega"), by and through her attorneys, Offices of Catherine Simmons-Gill, LLC, counsel for the parties having conferred in person on January 17, 2017 on the issues presented herein, and for her Omnibus Motion in Limine, states the following:

## INTRODUCTION

This is an action for employment discrimination and retaliation under Title VII and 42 U.S.C. § 1981. In September 2012, Defendant CHICAGO PARK DISTRICT ("Defendant" or "CPD") fired Vega—a Hispanic female with an excellent employment record and no history of discipline in her 22-year career with Defendant—from her position as Park Supervisor. Plaintiff's termination was based on complaints made by a poorly performing African-American subordinate to a hotline maintained by CPD. Those calls triggered a four-and-a-half month surveillance investigation spearheaded by the two African-American CPD investigators who received the hotline calls. Plaintiff's position is that the investigation was seriously flawed and does not support the finding that the allegation of timesheet falsification was sustained.

The same investigators submitted an Investigative Report on March 20, 2012 and, based solely on this written report, Defendant fired Plaintiff, disregarding the union-mandated policy of "progressive discipline." In fact, CPD implemented progressive discipline in numerous other cases of similar or more severe conduct involving allegations of dishonesty by non-Hispanic employees. Defendant alleges that Plaintiff "falsified" her timesheets, but admits that she did *not* commit "theft of time," *i.e.*, it admits that Plaintiff never worked fewer hours than those for which she was paid. Plaintiff asserts that she filled in her timesheets in imprecise 8-hour blocks of time according to the widely accepted practice among Park Supervisors and other salaried employees.

In his March 2, 2016 ruling denying summary judgment for Defendant, Judge James B. Zagel found that Plaintiff was the first CPD employee *ever* to be fired for "timesheet falsification" with no corresponding allegations of theft of time or other misconduct. (Dkt. #147 at 10). Additionally, Judge Zagel noted that "[a]lthough Hispanics make up roughly one-third of the Park's population, they are *grossly underrepresented* in the Park's senior executive positions and HR positions." *Id.* at 10 (emphasis added). Further, "[i]n 2014, [CPD] had approximately 67 Caucasian Park Supervisors, 41 African-American Park Supervisors, and nine (9) Hispanic Park Supervisors." *Id.* at 6. Judge Zagel also stressed the "suspicious—if not alarming—timing" of the "remarkably long" surveillance investigation of Plaintiff, and referred to Defendant's downgrading of Plaintiff's purported misconduct after she was terminated from the most-severe "Class A" to the less-severe "Class B" as "questionable." *Id.* at 10.

The case is currently set for trial by jury before this Court on March 6, 2017. Plaintiff now brings the following Omnibus Motion in Limine.

## LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Betts v. City of Chi.*, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011) (internal citations omitted). *Id.* The court has broad discretion to rule on evidentiary questions raised in motions in limine. *Id.* Motions to exclude evidence should be granted where the challenged evidence "is inadmissible on all potential grounds," *id.*, and "the party moving to exclude evidence in limine has the burden of establishing the evidence is not admissible for any purpose." *CDX Liquidating Trust ex rel. CDX Liquidating Tr. v. Venrock Assocs.*, 411 B.R. 591, 597 (N.D. Ill. 2009).

Moreover, under the Federal Rules of Evidence ("FRE"), irrelevant evidence is not admissible. Fed. R. Evid. 402. Relevant evidence is any evidence that has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401. Further, the court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the possibility of misleading the jury, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

## AGREED MOTIONS

1.      Pretrial Settlement Negotiations

In accordance with FRE 408, the parties agree that an order in limine should be entered excluding any reference at trial to pretrial settlement communications between the parties.

2.      Attorney Fee Arrangements

The parties agree that an order in limine should be entered excluding any reference at trial to the parties' fee arrangements with their respective attorneys.

3

3.       Exclusion of Witnesses

Plaintiff stipulates to Defendant's motion in limine to exclude witnesses. (Dkt #186).

4.       Bar Questioning On Sexual Orientation

The parties agree that an order in limine should be entered barring any questioning during trial of any witness about that witness's or any other person's sexual orientation.

5.       Testimony Limited to Previously Disclosed Witnesses

The parties agree that an order in limine should be entered barring either party from calling any witness not previously disclosed in Rule 26(a) disclosures or supplements thereto, except for rebuttal witnesses.

## DISPUTED MOTIONS

6.       Evidence Not Previously Disclosed By Rule 30(b)(6) Witnesses

Plaintiff seeks an order in limine excluding any and all evidence or testimony on any topic contained in Plaintiff's Amended Notice of Deposition of Chicago Park District Under Rule 30(b)(6) not previously disclosed by Defendant during discovery. "Rule 30(b)(6) testimony is a sworn corporate admission that is binding on the corporation." *U.S. ex rel Fago v. M & T Mort. Corp.*, 235 F.R.D. 11, 24 (D.D.C. 2006). The rule establishes that "the party seeking discovery through a Rule 30(b)(6) deposition is required to describe 'with reasonable particularity the matters on which examination is requested,'" and, in turn, "the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics." *American Insurance Company of New York v. Vegas Construction Company*, 251 F.R.D. 534, 538 (D. Nev. 2008).

Further, a responding entity "must prepare [its] representative 'to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably

know.'" *Wachovia Sec., LLC v. NOLA, LLC*, 248 F.R.D. 544, 547 (N.D. Ill. 2008); *see also*

*Buycks-Roberson v. Citibank Federal Savings Bank*, 162 F.R.D. 338, 342 (N.D. Ill. 1995)

(noting the duty to prepare 30(b)(6) designees so "that they can answer fully, completely,

unevasively, the questions posed by [the discovering party] as to the relevant subject matter").

In the instant case, on November 19, 2014, Plaintiff served her operative Second

Amended Notice of Deposition of Chicago Park District Under Rule 30(b)(6) ("Plaintiff's

30(b)(6) Notice"), listing the following discrete topics with the "reasonably particularity"

required by the rule:

> I. Investigations of Park Supervisor employees by Defendant and the results of those investigations;
> II. Defendant's policies and practices regarding timesheets;
> III. Any discipline and all investigations involving Plaintiff;
> IV. Defendant's general anonymous whistleblower hotline policies and procedures and its actual workings as those workings relate to Plaintiff;
> V. Salary, bonus, and benefit information for Park District Supervisors from January 1, 2006 to present;
> VI. Performance and discipline (including records of performance and discipline) for certain CPD employees who were either named or for whom files were produced by Defendant;
> VII. Complaints or charges by employees of Defendant alleging that Defendant had discriminated against an employee based on gender, race, national origin, gender stereotyping, and/or retaliation from 2007 to present;
> VIII. Document retention and/or destruction policies of Defendant. [Plaintiff's Notice is attached hereto as **Exhibit A**].

On December 19, 2014, Defendant served The Chicago Park District's Response to

Plaintiff's Request for Rule 30(b)(6) Witnesses ("Defendant's Response") (attached hereto as

**Exhibit B**), in which Defendant expanded and scrambled Plaintiff's eight topics into ten topics,

and listed approximately 20 separate fact witnesses as "most knowledgeable" for numerous

subtopics, including: (1) eight witnesses under Topic I relating to investigations of CPD

employees; (2) four under Topic III relating to the investigation and discipline of Plaintiff; (3) six under Topic IV relating to hotline calls, policies and procedures; (4) and 11 under Topic VI relating to the performance and discipline of other employees (certain witnesses were repeated among the various topics). Plaintiff moved to reduce the number of 30(b)(6) witnesses, arguing that Defendant was shirking its duty to prepare by offering so many witnesses, but that motion was denied by Magistrate Judge Martin, (Dkt #114), and his ruling was affirmed by Judge Zagel when Plaintiff moved for review under Federal Rule of Civil Procedure 72. (Dkt #120).

As such, Plaintiff deposed a total of 13 Rule 30(b)(6) designees (some appearing two or three times on different topics) who testified extensively with the institutional knowledge of Defendant on the topics listed above. Plaintiff now expects that Defendant will attempt to introduce new evidence at trial relevant to the investigation and discipline of similarly situated CPD employees specifically named or for whom records were produced (Topics I and/or VI) that it did not disclose during discovery, even though such evidence was "known or reasonably available" to Defendant at the time. *See* Fed. R. Civ. P. 30(b)(6). Importantly, the expected additional evidence on similarly situated employees was squarely within the subject matter of Plaintiff's "reasonably particular" 30(b)(6) topics.

Defendant had a clear duty to prepare its witnesses to testify "completely" and "unevasively" about all the noticed topics, and it should not now be permitted to blindside Plaintiff with "new" evidence that was available to it during discovery. Accordingly, to the extent Defendant seeks to introduce evidence relating to any duly noticed 30(b)(6) topic, and in particular Topics I and VI, it should be precluded from doing so.

6

7.  Defense Witnesses on Investigations and Discipline

Plaintiff seeks an order in limine requiring Defendant to make available at trial no more than two witnesses to testify on the investigations and/or discipline of other CPD employees as described in Topics I and VI of Plaintiff's 30(b)(6) Notice. As described in MIL No. 6 above, Defendant designated eight witnesses under Topic I (investigations) and 11 witnesses under Topic VI (discipline). For purposes of judicial economy, Defendant should be required to present either one competent witness to testify on both investigations and discipline of others, or, at a minimum, one competent witness for discipline and another for investigations to avoid the need to call numerous witnesses to elicit the same testimony on a mix and match basis. Plaintiff proposed a stipulation to this effect as early as December 19, 2016, but Defendant has not agreed.

To illustrate the volume of the potential relevant testimony with regard to similarly situated employees, Plaintiff attaches hereto several of its trial exhibits: (1) PX 164 summarizes all CPD Park and Playground Supervisors who were terminated or resigned from 2005 on (attached hereto as **Exhibit C**); (2) PX 165 summarizes investigations and/or disciplines of CPD Park Supervisors between 2005 and 9/10/2012, provides detail, lists the relevant Rule 30(b)(6) witness deposition testimony and exhibits, and Plaintiff's proposed trial Exhibits (attached hereto as **Exhibit D**); (3) PX 188 summarizes the same information, testimony and exhibits (deposition and trial) for CPD Playground Supervisors (attached hereto as **Exhibit E**); and (4) PX 202 summarizes timesheet-related investigations of non-Park or Playground Supervisors for the same period, also including Rule 30(b)(6) testimony references, and deposition and trial exhibits (attached hereto as **Exhibit F**). Defendant has had these charts in its possession with the same or substantially the same content since at least March of 2016.

Assuming that any of the evidence of the comparable employees whose names are listed in PX 164, 165, 188, and 202 is introduced through live trial testimony[1], presenting that testimony in the same manner that it was presented during discovery—*i.e.*, piecemeal through the 30(b)(6) designees that CPD categorized as the "most knowledgeable"—would require calling upward of the 11 (or more) witnesses produced during discovery. The jury would be required to "match up" the testimony of the various witnesses by employee, by investigation and by discipline or lack thereof. Plaintiff submits that this would be not only an inefficient use of judicial resources and the Court's time, but also confusing to any finder of fact, when the same testimony could be introduced through one or two witnesses following the order of the charts for any CPD employee on which the Court permits testimony.

Accordingly, Plaintiff moves for an order in limine directing Defendant to produce at trial no more than two witnesses to testify on the investigations and discipline or lack thereof with respect to CPD employees other than Plaintiff.

8.      Investigations and/or Disciplines After September 10, 2012

Plaintiff seeks an order in limine excluding any and all evidence at trial relating to investigations and/or discipline of similarly situated CPD employees occurring after September 10, 2012, the date of Plaintiff's termination. Defendant's treatment of comparator employees after Plaintiff's termination is not probative of discrimination against Plaintiff herself and will potentially "violate[] the spirit, and probably the letter, of Rule 407 of the Federal Rules of Evidence" if Defendant relies on such evidence to rebut allegations of discrimination against Hispanics. *Lust v. Sealy, Inc.*, 383 F.3d 580, 585 (7th Cir. 2004) (noting that FRE 407 "forbids using evidence of subsequent repairs or other remedial measures to prove that the defendant

---

[1] On a related point, stipulation to the contents of these charts would largely eliminate the need to introduce PX 166-212 at trial and would streamline live testimony. Plaintiff proposed a stipulation to that effect but Defendant has not agreed.

could or should have avoided inflicting the injury of which the plaintiff is complaining" and

finding that evidence of an employer offering a promotion to a female employee *after* she filed a

sex discrimination charge with the EEOC for initially denying her a similar promotion violated

Rule 407).

Moreover, exclusion of post-termination comparator employees will streamline the issues

in the case and eliminate the need for introducing additional evidence at trial occurring after

September 10, 2012. *See* PX 164.

> 9. <u>Administrative Proceedings In the Equal Employment Opportunity Commission ("EEOC"), Illinois Department of Human Resources ("IDHR") and City of Chicago Commission on Human Relations ("CCHR")</u>

Plaintiff seeks an order in limine excluding any and all evidence at trial of EEOC, IDHR

or CCHR determinations on charges of discrimination filed by Plaintiff in this case. Such a

reference would allow the jury to make the improper inference that those agencies did not pursue

Plaintiff's case because the case lacked merit. *Lewis v. City of Chi. Police Dep't*, 590 F. 3d 427,

442 (7th Cir. 2009) (citing *Tulloss v. Near N. Montessori Sch., Inc.,* 776 F. 2d 150, 153–54 (7th

Cir. 1985) (holding consideration of an EEOC determination would be "tantamount to saying

this has already been decided and here is the decision"); *see also Dority v. City of Chicago*, No.

98 C 4893, 2001 WL 1155286, at \*3 (N.D. Ill. 2001) (finding that the prejudicial effect of an

IDHR report's "Finding and Conclusion" section outweighed its probative value).

If the Court is inclined to allow any other portions of any document relating to the EEOC

or CCHR proceedings to be introduced at trial, "to avoid prejudice" Plaintiff requests that this

Court "rely on [such documents] for party-opponent admissions and impeachment purposes

only." *Id.*

10.      Administrative Hearing Before Park District Hearing Officer

Plaintiff seeks an order in limine excluding at trial any and all evidence relating to the

January 31-February 1, 2013 Administrative Hearing before a CPD hearing officer, including but

not limited to: (1) the fact that Plaintiff requested such a hearing; (2) the fact that the hearing was

held; (3) the Amended Specification of Charges submitted as part of those proceedings, which

includes additional dates of alleged "timesheet falsification" not included in the 9/10/2012

Corrective Action Meeting Notice of Disposition terminating Plaintiff; (4) testimony given as

part of the proceedings; and (5) the Hearing Officer's findings. Permitting any of these items into

evidence would be highly prejudicial to Plaintiff because it would give the erroneous impression

that Plaintiff's claims were already adjudicated.

Also, the evidence above has no probative value to this action for several reasons. As an

initial matter, the Hearing Officer's findings should be excluded for the reasons explained in

MIL No. 9, and Plaintiff reasserts the authority provided therein.

Second, the hearing itself had no bearing on the Defendant's decision to terminate

Plaintiff; it was an "appeal" hearing held months after Plaintiff had *already* been terminated.

Third, it did not address or adjudicate any issue of discrimination, nor was it neutral. It

was an internal proceeding presided over by a CPD Hearing Officer (paid by CPD) and designed

to challenge the termination on unspecific due-process grounds. (Dkt #129, S.F. 48). Racial

discrimination and retaliation under Title VII and 42 U.S.C. § 1981—the only remaining claims

here—played no part therein.

Fourth, the proceeding was not conducted pursuant to the Illinois Rules of Evidence or

discovery rules. In fact, by explicit ruling of the Hearing Officer, Plaintiff was denied the

protections of the rules of evidence. (Dkt #129, Response to S.F. 48). Further, an appealing

10

employee has no right to take discovery or subpoena all necessary witnesses, and, further, the Park District is not required to provide (and in fact did not provide) any of the records forming the basis for a termination. (Vega Administrative Hearing Transcript at 8-16, excerpted version of which is attached hereto as **Exhibit G**). Defendant did, however, spring certain documents on Plaintiff's counsel a few hours before the hearing. *Id.* at 10-11. Finally, Plaintiff was not permitted to call all of the witnesses that she requested, and questioning by Plaintiff of the witnesses called by CPD was limited to the scope of testimony elicited by CPD. *Id.* at 16-18.

For these reasons, reference to this hearing at trial is not only irrelevant to any issue before this Court, but it would be highly unfair and prejudicial to Plaintiff. Plaintiff requests that it be excluded in its entirety.

11. February 28, 2012 Complaint of Discrimination

Plaintiff seeks an order in limine excluding any and all evidence of the February 28, 2012 phone call ("2012 phone call") made by Catherine Simmons-Gill ("Simmons-Gill") to then-CPD counsel Brian Flores in which Simmons-Gill complained about discrimination, including the fact that the call was made. This would include redaction of any document introduced in evidence that references the call including Plaintiff's letter of September 4, 2012. The 2012 phone call was the sole basis of Judge Manish Shah's October 21, 2016 order granting Defendant's motion to disqualify Simmons-Gill as trial counsel. (Dkt #168). Judge Shah's order, as well as this Court's order denying Plaintiff's motion for reconsideration of the October 21 order (Dkt #184), acknowledged that a suitable alternative to disqualification of Simmons-Gill would be to omit evidence of the 2012 phone call from trial.

Plaintiff proposed a stipulation to that effect but Defendant has not agreed, insisting that the substance of the call be excluded but not the fact that the call was made. Exclusion of the call

11

in its entirety, which is relevant only to Plaintiff's retaliation claims, would moot the basis for disqualification. Additionally, the mere fact of the call without any evidence as to its content would serve only to confuse the jury and would have no probative value to any issue in the case.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter the orders in limine sought herein, and grant other such further relief that this Court deems just and proper.

Dated: January 20, 2017

Respectfully Submitted,
LYDIA VEGA, Plaintiff


By:   /s/ Catherine Simmons-Gill
Catherine Simmons-Gill
Matthew Douglas
Offices of Catherine Simmons-Gill, LLC
111 West Washington Street
Suite 1051
Chicago, IL 60602
simmonsgill@gmail.com
Tel: 312 609 6611
ARDC Number 2159058